UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

RICHARD L. JAMESON,

        Plaintiff,

   -against-

NYSED VESID A. ABRAHAM/J. TREVINGTON/
M. WINESTINE/ L. HARRIS; NYS EDUCATION
DEPARTMENT AND R. MILLS Commissioner;
NYS ATTORNEY GENERAL A. COMO [SIC]
AND CHARLES ENLOE,

        Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-847 (RRM)

**MAUSKOPF, United States District Judge:**

Plaintiff Richard L. Jameson filed this *pro se* action on February 23, 2010. By Order dated March 3, 2010, Defendant was granted 30 days leave to file an amended complaint which complied with Rule 8(a) of the Federal Rules of Civil Procedure. On April 2, 2010, Plaintiff filed an amended complaint and on April 16, 2010, Plaintiff filed a second amended complaint. For the reasons discussed below, Plaintiff is directed to file a third amended complaint within thirty (30) days of this Order.

## BACKGROUND

Plaintiff alleges that on October 26, 2009, the New York State Education Department ("NYSED"), Office of Vocational and Educational Services for Individuals with Disabilities ("VESID"), violated his rights by closing his case and ending his Individualized Plan for Employment ("IPE") because Plaintiff "did not make reasonable efforts to cooperate in carrying out [his] vocational plan." *See* VESID's Oct. 26, 2009 Letter to Plaintiff annexed to Amend. Compl.

Plaintiff, who is disabled, had enrolled in VESID's "self employment program, with a funding grant of $11,000.00 in startup funding [to start] an Executive Limousine company in [N]ew York [C]ity." *See* Plaintiff's Jan. 26, 2009 Email to Gov. David Paterson annexed to Amend. Compl.

Plaintiff had become dissatisfied with how his case was being handled by VESID prior to his case being closed and on January 26, 2009, Plaintiff sent an email to New York State Governor David Paterson complaining that, "[s]ince day one VESID has come nowhere near providing timely or appropriate service on my behalf. So far they have caused mass confusion, costly delays, provided misinformation, misdirection and reversal on decisions and lack of clear understanding of policy decision making throughout all of last year and into this one." *See* Plaintiff's Jan. 26, 2009 Email to Gov. Patterson annexed to Amend. Compl.

On September 10, 2009, Plaintiff filed an Article 78 proceeding in New York State Supreme Court, Kings County against NYSED, VESID and Defendant Andrea Abrahams, Plaintiff's VESID Vocational Rehabilitation Counselor, complaining about the decisions made in his case. *See Jameson v. NYSED*, Index No. 18575/09. On September 10, 2009, the New York State Attorney General Office, representing the respondents in Plaintiff's Article 78 action, moved by Order to Show Cause in Supreme Court, Albany County to change venue of the Article 78 proceeding from Kings County to Albany County. *See* Sept. 11, 2009 Letter Annexed to Amend. Compl. On December 23, 2009, respondent's change of venue motion was granted and Plaintiff's Article 78 proceeding was transferred to Albany County, where it is presently pending. *See* January 8, 2010 Letter annexed to Amend. Compl. On February 23, 2010, Plaintiff filed the instant action seeking $1.5 million in damages. *See* Second Amend. Compl. at 5.

## STANDARD OF REVIEW

In reviewing Plaintiff's original and amended complaints, the Court is mindful that because Plaintiff is proceeding *pro se*, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

Title I of the Rehabilitation Act furnishes federal grants to "assist States in operating statewide... programs of vocational rehabilitation... designed to assess, plan, develop, and provide vocational rehabilitation services for individuals with disabilities, consistent with their strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice, so that such individuals may prepare for and engage in gainful employment." 29 U.S.C. § 729(a)(2)(B). "The State of New York has opted to receive federal grants under Title I, and pursuant to the state's Vocational Rehabilitation Law, *see* N.Y. Educ. Law § 1001 *et seq.*, 'VESID administers Federally funded vocational rehabilitation programs and promulgates rules and regulations necessary to implement the State law.'" *Wasser v. N.Y. State Office of Vocational and Educ. Servs. for Individuals with Disabilities*, 602 F.3d 476, 478 (2d Cir. 2010) (quoting *Murphy v. Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 92 N.Y.2d 477, 683 (1998)).

States are also required to "establish procedures for mediation of, and procedures for review through an impartial due process hearing of, determinations made by," VESID. 29 U.S.C. § 722(c)(1). A due process hearing "must be conducted by an impartial hearing officer, who is selected on a random basis or by agreement of the parties." *Wasser*, 602 F.3d at 478 (citing 29 U.S.C. § 722(c)(5)(A),(C). After a final decision is made by the hearing officer, a person "may bring a civil action for review of such decision in a district court of the United States of competent jurisdiction." 29 U.S.C. § 722(c)(5)(J)(i). Pursuant to 29 U.S.C. § 722(c)(5)(J)(ii), the district court-

> (I) shall receive the records relating to the hearing under subparagraph (A) and the records relating to the State review under subparagraphs (D) through (F), if applicable;
>
> (II) shall hear additional evidence at the request of a party to the action; and
>
> (III) basing the decision of the court on the preponderance of the evidence, shall grant such relief as the court determines to be appropriate.

Furthermore, "[t]he private right of action under § 722 of the Rehabilitation Act is available only to a party aggrieved by a 'final' decision in administrative proceedings concerning 'determinations made by' VESID." *Wasser v. N.Y. State Office of Vocational and Educ. Servs. for Individuals with Disabilities*, No. 01-CV-6788, 2003 WL 22284576, at *12 (E.D.N.Y. Sept. 30, 2003) (citing 29 U.S.C. § 722(c)(1)).

In the instant action, Plaintiff states that "my case was suspended and all service[s] ceased pending the outcome of an impartial hearing I requested April of 2009," Amend. Compl. at 8-9, and that he "felt [that there] was a misinterpretation an Impartial Hearing outcome," Second. Amend. Compl. at 4. Plaintiff also attaches a letter from VESID, dated November 5, 2009, which states that, "Since the impartial hearing officer decision, you have not contacted our office . . . ." *See* Nov. 5,

4

2009 Letter from VESID annexed to Amend. Compl. However, Plaintiff does not clearly allege that he participated in an impartial due process hearing, or whether a final administrative decision was issued by a hearing officer, which is necessary to trigger federal district court review under the Rehabilitation Act. Therefore, for the purpose of clarity, Plaintiff is granted leave to replead detailing his compliance with the administrative procedures required by 29 U.S.C. § 722(c).

## CONCLUSION

Accordingly, Plaintiff is granted thirty (30) days leave to replead and file a Third Amended Complaint alleging whether he received an impartial due process hearing by VESID and whether a hearing officer issued a final decision. Plaintiff should attach any documents demonstrating that he received a final decision by a hearing officer, including a copy of the decision, if available. Plaintiff should provide all relevant dates and his allegations in his third amended complaint must be short, plain and concise. No summonses will issue at this time and all further proceedings shall be stayed for thirty (30) days or until Plaintiff has complied with this Order. The Clerk of Court shall mail a copy of this Order to the Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
July 19, 2010

5